IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAMELIA LATTIMORE,           )<br>                             )<br>       Plaintiff,            )<br>                             )<br>   v.                        )   CIVIL ACTION NO. 5:14-CV-438 (MTT)<br>                             )<br>PETSMART, INC.,              )<br>                             )<br>       Defendant.            )<br>                             ) | |

### ORDER

Defendant PetSmart, Inc. filed a motion to dismiss or, in the alternative, for a more definite statement on December 19, 2014. (Doc. 1). Plaintiff Tamelia Lattimore failed to respond to the motion within the time provided by the Local Rules. *See* M.D. Ga. L.R. 6.3 and 7.2. On February 9, 2015, the Court ordered the Plaintiff to show cause why the Defendant's motion to dismiss should not be granted within 14 days. (Doc. 6). The time to respond to the Court's order has now passed, and the Plaintiff has failed to respond. For the following reasons, the Defendant's motion to dismiss is **GRANTED**.

### I.   BACKGROUND[1]

Plaintiff Tamelia Lattimore was employed as a lead cashier for Defendant PetSmart in Macon, Georgia. (Doc. 2-1, ¶¶ 2, 3). On December 19, 2013, the Plaintiff was accused of stealing a one hundred dollar bill on November 29, 2013. (Doc. 2-1, ¶ 5). She was taken to the store manager's office and questioned for more than 30

---
[1] The following facts are allegations from the Plaintiff's complaint taken as true for purposes of deciding the motion.

minutes by PetSmart's district manager and loss prevention officer.  (Doc. 2-1, ¶ 6).  According to the Plaintiff, she was "made to believe that she would lose her job if she did not confess to stealing the one hundred dollar bill" and further "believed that the interrogation and detainment would not end unless she signed a confession."  (Doc. 2-1, ¶ 7).  She wrote a confession at the loss prevention officer's direction.  (Doc. 2-1, ¶ 8).  As a result, the store manager terminated the Plaintiff's employment.  (Doc. 2-1, ¶ 9).  The Plaintiff alleges she suffered "mental stress" as a result of the PetSmart officials' conduct.  (Doc. 2-1, ¶ 10).

The Plaintiff has brought claims of intentional infliction of emotional distress, false imprisonment, and false arrest against the Defendant.  She is also seeking punitive damages.  The Defendant has moved to dismiss the complaint pursuant to Rule 12(b)(6) because the Plaintiff's allegations are insufficient to state a claim or, alternatively, for the Court to order the Plaintiff to set forth a more definite statement of her claims pursuant to Rule 12(e).

## II.   DISCUSSION

### A. Motion to Dismiss Standard

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted).  However, "where the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002).  The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Plaintiff's Claims

#### 1. False Arrest/False Imprisonment

Georgia law recognizes three torts relating to allegedly wrongful detainment: "(1) false imprisonment, which is 'unlawful' detention without judicial process, or without the involvement of a judge at any point (O.C.G.A. § 51-7-20); (2) false or malicious arrest, which is detention 'under process of law' (O.C.G.A. § 51-7-1); and (3) malicious prosecution, which is detention with judicial process followed by prosecution (O.C.G.A. § 51-7-40)." *Ferrell v. Mikula*, 295 Ga. App. 326, 329, 672 S.E.2d 7, 10 (2008). Because the Plaintiff has not alleged she was arrested pursuant to a warrant, she cannot assert a claim for false or malicious arrest.[2]  *See id.*  Thus, to the extent the

---

[2] The Georgia Court of Appeals notes that the proper terminology is malicious arrest instead of false arrest because false arrest is synonymous with false imprisonment.  However, the court refers to the tort of malicious arrest as false/malicious arrest because so many cases refer to it as false arrest.  *Ferrell*, 295 Ga. App. at 331-32, 332 n.1, 672 S.E.2d at 12, 12 n.1.

complaint attempts to assert a claim for false or malicious arrest, that claim is dismissed.

"False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of [her] personal liberty." O.C.G.A. § 51-7-20.

> A detention need not consist of physical restraint, but may arise out of words, acts, gestures, or the like, which induce a reasonable apprehension that force will be used if plaintiff does not submit; and it is sufficient if they operate upon the will of the person threatened, and result in a reasonable fear of personal difficulty or personal injuries.

*Mitchell v. Lowe's Home Ctrs., Inc.*, 234 Ga. App. 339, 340-41, 506 S.E.2d 381, 383-84 (1998).  However, "[t]he threat of being terminated from at-will employment cannot constitute the basis of a false imprisonment claim." *Shannon v. Office Max N. Am., Inc.*, 291 Ga. App. 834, 836, 662 S.E.2d 885, 888 (2008) (footnote omitted); *see also Miraliakbari v. Pennicooke*, 254 Ga. App. 156, 161, 561 S.E.2d 483, 488-89 (2002) ("It is true that the exercise of dominion over someone's property may serve as an exercise of dominion over that person.  But, we find no authority in Georgia applying this rule to the threat of loss of an at-will, nonpublic job." (citations omitted)).

Here, the Plaintiff has not alleged she was physically restrained or alleged facts suggesting she had a reasonable apprehension force would be used.  Rather, she alleges she "was made to believe" she would lose her job if she did not confess and that she also "believed that the interrogation and detainment would not end unless she signed a confession."  (Doc. 2-1, ¶ 7).  There is no allegation she was actually prevented from leaving or any alleged facts explaining her belief that the interrogation

would not end until she signed a confession.  Fear of being terminated is not sufficient.  Thus, the Court concludes the complaint fails to state a claim for false imprisonment.

### 2. Intentional Infliction of Emotional Distress

To prevail on a claim for intentional infliction of emotional distress, the Plaintiff must demonstrate that:

> (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. The defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.

*Steed v. Fed. Nat'l Mortg. Corp.*, 301 Ga. App. 801, 810, 689 S.E.2d 843, 851-52 (2009) (internal quotation marks and citation omitted).  "The rule of thumb in determining whether the conduct complained of was sufficiently extreme and outrageous is whether the recitation of the facts to an average member of the community would arouse her resentment against the defendant so that she would exclaim[,] 'Outrageous!'" *Wilcher v. Confederate Packaging, Inc.*, 287 Ga. App. 451, 453, 651 S.E.2d 790, 792 (2007) (internal quotation marks and citation omitted).  Factors to consider include "the existence of a relationship in which one person has control over another, the actor's awareness of the victim's particular susceptibility, and the severity of the resultant harm." *Trimble v. Circuit City Stores, Inc.*, 220 Ga. App. 498, 499-500, 469 S.E.2d 776, 778 (1996) (citations omitted).

The Court concludes the Plaintiff has not sufficiently alleged facts to demonstrate the Defendant's conduct was extreme and outrageous.  In *Crowe v. J.C. Penney, Inc.*, the Georgia Court of Appeals found that interrogation of the plaintiff over a three-hour

period by two security personnel accusing the plaintiff of stealing from her employer was not sufficiently extreme and outrageous.  177 Ga. App. 586, 586-88, 340 S.E.2d 192, 193-95 (1986).  The court reached this conclusion despite the fact that the plaintiff claimed one of the interrogators slammed his hands down on the desk, yelled at her, and called her a liar.  *Id.* at 586, 340 S.E.2d at 193-94.  Here, the facts alleged are even less egregious: the Plaintiff alleges she was questioned for more than 30 minutes and was made to believe she would lose her job if she did not sign a confession.  She alleges no facts suggesting her interrogators threatened her in any way or were otherwise rude or offensive.  Thus, the complaint fails to state a claim for intentional infliction of emotional distress.

### C. Failure to Comply with Court Order

The action is also subject to dismissal because the Plaintiff failed to comply with the Court's order to show cause why the Defendant's motion to dismiss should not be granted.  Pursuant to Fed. R. Civ. P. 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Further, "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs ... ."  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)) (internal quotation marks omitted).  Though Rule 41(b) by its terms applies only to dismissal on a defendant's motion, the Eleventh Circuit has "elide[d] th[e] neat distinction" between a district court's dismissal pursuant to Rule 41(b) and dismissal pursuant to its inherent authority in many of its

prior decisions.  *Id.*  Regardless of the source of authority, it is clear the Court may dismiss an action as a sanction for failure to comply with a court order.

Though "[d]ismissal with prejudice is not proper unless 'the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct,'" the Court is not dismissing the case with prejudice.  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoting *Betty K Agencies, Ltd.*, 432 F.3d at 1339).  The Eleventh Circuit normally applies "'a less stringent standard of review to a ... dismissal of a suit without prejudice[ ] because the plaintiff would be able to file his suit again.'"  *Brutus v. Internal Revenue Serv.*, 393 F. App'x 682, 684 (11th Cir. 2010) (quoting *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-23 (5th Cir. 1976)); *see also Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) ("A dismissal without prejudice generally does not constitute abuse of discretion, even for a single violation of a court order, because the affected party may simply re-file.").

### III.   CONCLUSION

Because the Plaintiff's complaint fails to state a claim upon which relief may be granted, the Defendant's motion to dismiss (Doc. 1) is **GRANTED**, and the case is **DISMISSED without prejudice**.  Alternatively, the case is **DISMISSED without prejudice** for the Plaintiff's failure to comply with a court order.

**SO ORDERED,** this 9th day of March, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT